UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE                                                                                          6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE                                                            GREENBELT, MARYLAND  20770
                                                                                                                              301-344-0632

M E M O R A N D U M

TO:          Counsel of Record

               Kirk D. Matelyan
               P.O. Box 11
               Riverdale, MD 20738

FROM:     Judge Peter J. Messitte

RE:          Matelyan v. SAGE Dining Services, Inc.
               Civil Case No. 10-2626

DATE:      April 30, 2012

******

*Pro se* Plaintiff Kirk D. Matelyan has sued his former employer, SAGE Dining Services, Inc. ("SAGE"), alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*  Matelyan has filed a Request for Continuance of Discovery Due to Bereavement [Paper No. 60] and a Subpoena Duces Tecum Request [Paper No. 62].  SAGE opposes the Requests and has filed a Motion for Leave to File Surreply [Paper No. 67].  For the reasons that follow the Court will **DENY** Matelyan's Request for Continuance and Subpoena Duces Tecum Request.  SAGE's Motion for Leave to File Surreply is therefore **MOOT**.

In his Request for Continuance of Discovery Due to Bereavement, Matelyan claims that SAGE has not made good faith efforts to respond to discovery requests he propounded in April and June 2011, and asks the Court to extend the discovery deadline by 60 days to permit SAGE to provide adequate responses.  Matelyan concedes that he did not file the Request until one day after the close of discovery, but maintains that the delay is excusable because he was coping with the recent death of his mother.

SAGE opposes Matelyan's Request on the ground that it merely rehashes his previous Motion to Compel Discovery [Paper No. 55], filed on November 9, 2011, which the Court denied on February 10, 2012.  The Court agrees with SAGE.  Matelyan's Motion to Compel sought to force SAGE to respond to his April and June 2011 discovery requests, which he claims SAGE objected to without justification or provided inadequate responses.  The Court denied Matelyan's Motion because it was filed months after the deadline for objecting to discovery responses had passed.  *See* Local Rule 104.8.  Matelyan's current Request raises the same untimely arguments about SAGE's discovery responses, and any continuance would be futile.  The Court will

therefore **DENY** Matelyan's Request for Continuance of Discovery Due to Bereavement [Paper No. 60]. SAGE's Motion for Leave to File Surreply [Paper No. 67] is accordingly **MOOT**.

Matelyan filed the Subpoena Duces Tecum Request to obtain the same materials that SAGE allegedly "failed to produce . . . through discovery." As Sage points out, Matelyan filed this Subpoena Request nearly 30 days after the close of discovery and again attempts, in effect, to re-open the discovery process. It is well established that subpoenas are not the appropriate means for uncovering evidence that could and should have been obtained during the approved discovery period. *See, e.g.*, *Dent v. Siegelbaum*, No. DKC 08-0886, 2012 WL 718835, at *11 (D. Md. Mar. 5, 2012). Matelyan cannot use subpoenas to circumvent the established Court deadlines. The Court will **DENY** Matelyan's Subpoena Duces Tecum Request [Paper No. 62].

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE